UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>TEPHANIE</small> D. T<small>AYLOR</small>,

      Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>,

      Defendant.
_____/

Case No.  12-12855

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> L<small>AURIE</small> J. M<small>ICHELSON</small>

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [9] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [14], entered on April 26, 2013, recommending that Plaintiff's Motion for Summary Judgment [9] be GRANTED IN PART, that Defendant's Motion for Summary Judgment [12] be DENIED, and that the case be remanded.  Plaintiff filed Objections [15] on March 28, 2013. Defendant filed a Response [16] to these Objections [15] on April 11, 2013.

For the reasons states below, Plaintiff's Motion for Summary Judgment [9] is GRANTED IN PART, and that Defendant's Motion for Summary Judgment [13] is DENIED.

## I. Procedural Background

On May 30, 2008, Plaintiff Taylor applied for disability insurance benefits (DIB). On November 20, 2008, Plaintiff filed an application for supplemental security income (SSI). In both applications, Plaintiff asserted that she became unable to work on March 28, 2008. The Social Security Administration initially denied Plaintiff's applications on April 29, 2009. Following Plaintiff's request for an administrative hearing, Plaintiff testified before Administrative Law Judge Theodore W. Grippo on April 6, 2010. On August 26, 2010, the ALJ filed a decision, finding Plaintiff Taylor was not disabled. On May 10, 2012,
the Social Security Administration's Appeals Council denied Taylor's request for review. Plaintiff filed for judicial review of the final decision by this Court on June 28, 2012.

On November 19, 2012, Plaintiff filed its Motion for Summary Judgment [9], and on January 17, 2013, Defendant filed its Motion for Summary Judgment [12]. The Magistrate Judge issued its R&R [14] on April 26, 2013. Defendant filed Objections [15] on May 7, 2013. Plaintiff filed a Response [16] to these Objections [15] on May 17, 2013.

## II. Factual Background

The R&R [14] contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R [14] in full.

2

### III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

A motion for summary judgment is granted under Fed. R. Civ. P. 56(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

In reviewing an Administrative Law Judge's (ALJ) decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined

as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## IV. Analysis

The R&R [14] recommends that Plaintiff's Motion for Summary Judgment [9] be GRANTED IN PART, and that Defendant's Motion for Summary Judgment [12] be DENIED. Plaintiff's Motion for Summary Judgment [9] presented three separate arguments to the Magistrate Judge. The R&R [14] granted the Motion [9] as to two of the arguments. Specifically, the Magistrate Judge found that the ALJ's reasons for assigning Plaintiff "moderate" limitations in the paragraph "B" criteria are not supported by substantial evidence and, that the ALJ failed to adequately explain how Plaintiff's "moderate" difficulties in concentration, persistence, or pace (CCP) is fully accounted for by limiting Plaintiff to "simple work." Defendant now makes two objections to the R&R [14], addressing each of these findings.

**Objection 1**

Defendant first objects, arguing that the Magistrate Judge erred in concluding that the ALJ failed to provide a reasoned explanation for his paragraph "B" findings as to activities of daily living, social functioning, and CPP. The ALJ found that Plaintiff had only "moderate" limitations in these three areas. The R&R [14] finds that the ALJ misrepresented the function reports relied upon in coming to this conclusion. The Magistrate Judge does not affirmatively conclude that the record does not contain substantial evidence of the ALJ's findings, but instead finds that the ALJ failed to fulfill the duty to identify this evidence and provide a reasoned explanation. *See Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011).

Defendant does not directly argue against the Magistrate's finding as to the ALJ's misplaced reliance on the function reports. Instead, Defendant now objects that the ALJ did not rely solely on the function reports, but also supported the paragraph "B" findings with a negative credibility assessment, and the "great weight" given to the opinion of the state agency psychologist Dr. F. Kladder. Dr. Kladder found that Plaintiff had mild limitations in activities of daily living and moderate limitations in social functioning and CPP. Defendant acknowledges that the ALJ discussed Dr. Kladder's findings at the end of the decision rather than within the portion of the decision addressing the paragraph "B" criteria. However, citing a Seventh Circuit Court opinion, Defendant argues that the ALJ's decision must be read as a whole and that the Court

5

should consider the ALJ's adoption of Dr. Kladder's opinion. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004).

Towards the end of its decision, the ALJ does provide a detailed explanation of its finding that Plaintiff's testimony lacked credibility. However, the ALJ's decision does not include Dr. Kladder's finding of moderate limitations within its discussion of the paragraph "B" criteria. Moreover, the ALJ's eventual inclusion of Dr. Kladder's finding provides little explanation as to why Dr. Kladder's finding was adopted by the ALJ. Finally, in so far as Dr. Kladder's opinion was adopted by the ALJ, the ALJ does not explain why the ALJ found that Plaintiff had moderate limitations in activities of daily living while Dr. Kladder found mild limitations in this area.

Therefore, while the ALJ may have properly found Plaintiff lacking in credibility, the ALJ's reliance on the function reports appears to be misplaced, and the ALJ did not explain its adoption of Dr. Kaldder's findings. Therefore, the ALJ failed to provide substantial evidence to support its finding that Plaintiff has only "moderate" limitations in activities of daily living, social functioning, and CPP. As such, Defendant's first objection is denied.

**Objection 2**

Defendant next objects, arguing that the Magistrate Judge erred in concluding that the ALJ did not adequately explain how Plaintiff's moderate CPP limitations were fully accounted for in the hypothetical question to the vocational expert (VE), which

6

limited Plaintiff to "simple work with only superficial contact with coworkers." That is, Plaintiff argued, and the Magistrate Judge agreed, that while the ALJ found that Plaintiff had moderate CPP limitations, the residual functional capacity (RFC) and hypothetical question presented to the VE did not contain CPP-specific limitations.

Defendant now argues that the ALJ's RFC and hypothetical question is justified because "the ALJ gave great weight to the opinion of Dr. Kladder, who found that Taylor had moderate CPP limitations but nevertheless could perform simple routine work, and his hypothetical to the Vocational Expert tracked that finding." Defendant also argues that the ALJ's findings as to the paragraph "B" criteria is not an RFC assessment and therefore need not be included in the RFC or hypothetical question.

The R&R [14] provides a detailed overview of the conflicting case law addressing the matter at issue: whether an ALJ's finding of moderate CPP limitations needs to be accounted for in the RFC and hypothetical question. This issue becomes more complicated when, in finding this moderate limitation in CPP, the ALJ relies on a medical opinion that finds this limitation, but also suggests the plaintiff is capable of "unskilled" or "simple work." The issue is again more complicated when the ALJ does not specifically state that it relies on this medical opinion when excluding any CPP-specific limitations from the RFC and hypothetical question.

While the hypothetical questions need not list all impairments verbatim, moderate deficiencies in CPP suggest substantial limitations that should be acknowledged in the

7

questions. *See Tompkins v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 77876, at *12 ( E.D. Mich. May 10, 2012)(*citing Edwards v. Barnhart*, 383 F.Supp.2d 920, 931 (E.D. Mich. 2005)). Moreover, the failure to account for moderate deficiencies in CPP within the hypothetical questions constitutes reversible error. *Ealy v. Commissioner of Social Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010). The case law in this district distinguishes those cases in which a medical expert has found a moderate limitation in CPP, and those where the ALJ found such a limitation. When the ALJ has found such a limitation, the ALJ must incorporate these limitations into the hypothetical questions. *Boley v. Astrue*, 2012 U.S. Dist. LEXIS 27462, at *46-47 (E.D. Mich. Feb. 10, 2012)(*citing Hicks v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 136052, at *15-17 (E.D. Mich. 2011)). This is the case whether or not the ALJ included the limitation in the RFC. *Boley*, 2012 U.S. Dist. LEXIS 27462, at *45.

Here, Dr. Kladder found a "moderate" limitation in CPP, but also concluded that Plaintiff could "perform routine tasks that are non complex." But again, the ALJ made no mention of Dr. Kladder's finding in its discussion of the paragraph "B" criteria, did not explain its finding of moderate limitations in daily activities (rather than mild), and misconstrued the function reports. Therefore, without further explanation from the ALJ, this Court cannot decipher whether the ALJ relied upon the medical opinion or drew an independent conclusion as to the moderate limitations in CPP. Therefore, as the Magistrate Judge properly concluded, this Court cannot find that excluding the CPP

limitations from the RFC and hypothetical question was appropriate.

Therefore, Defendant's second objection is also denied.

### V. Conclusion

For the reasons states below, Plaintiff's Motion for Summary Judgment [9] is GRANTED IN PART, Defendant's Motion for Summary Judgment [13] is DENIED, and the case is remanded.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [14] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [9] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [13] is **DENIED**.

**SO ORDERED**.

                                      s/Arthur J. Tarnow
                                      ARTHUR J. TARNOW
                                      SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 24, 2013